UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS, DIVISION

Debtor(s): David J. Smith
and Beth A. Clark-Smith

CASE NO:

## Chapter 13 Plan

Confirmation of this Plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

All secured creditors, except as provided otherwise herein, including mortgage creditors, must be paid through the plan as part of the plan payment to the Chapter 13 Trustee.

PLAN PAYMENTS AND LENGTH OF PLAN: The projected disposable income of the Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the Trustee by money order, electronic payment or cashier's check following the filing of this chapter 13 plan the sum of **$ 195.00 for 60 months.** Each pre-confirmation plan payment shall include all adequate protection payments, including those made pursuant to §1326(a)(1)(C).

CLAIMS GENERALLY: The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

ADMINISTRATIVE CLAIMS: Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

TRUSTEE FEES: Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

ATTORNEYS FEES FOR DEBTOR'S COUNSEL PAID IN PLAN:

Total Amount of Attorneys' Fees:        $3,000.00
Amount Paid Through Plan:               $1,500.00
ATTORNEYS FEES: That in the event the plan is not confirmed, the

M:\USERS\ED\WORD\NEWCHAP13\Smith David & Clark Smith Beth.wpd

Trustee shall first disburse from the funds on hand the remaining amount due to counsel for the debtor(s). Pre-confirmation, the Trustee shall set aside the amount of $500.00 per month for payment of said unpaid attorneys' fees.

CLAIM PAYMENT:
Claims shall be paid through the Plan monthly in the following priority and manner:
1. Current monthly secured creditor payments;
2. Monthly adequate protection payments;
3. Priority expenses and claims as provided in 11 USC §507;
4. Arrearage on secured real property, secured personal property and for assumed leases or executory contracts; and
5. General unsecured claims.

Debtor(s) is required to pay all post-petition current domestic support obligations directly to the holder of the claim.

Priority pursuant to 11 USC §507(a)(1)(a)

| Name of Creditor | Total Est. Claim |
|---|---|
| **Internal Revenue Service** | **$8,537.00** |

Pursuant to §507(a)(1)(B) and §1322(a)(4) the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

Claimant and Proposed Treatment:

Other Priority Claims:
N/A

SECURED CLAIMS:
(A) Pre-Confirmation Adequate Protection Payments: No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor(s) elects to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, such payments shall constitute adequate protection.

Paid through the Plan:
| Creditor | Total Est. Claim | Ad. Prot. Pay. in Plan |
|---|---|---|
| N/A | | |

Paid directly to the Creditor:
| Creditor | Total Est. Claim | Direct Ad. Prot. Pay. |
|---|---|---|
| **Americredit** | **$12,000.00** | **$350.00** |
| **CitiFinancial** | **$12,000.00** | **$275.00** |

(B) Claims Secured by Real Property Which Debtor(s) Intends to Retain / Mortgage Payments Paid Through the Plan: Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the

Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:
Creditor/Security    Est. Claim    Estimated Payment
N/A

    (C) Claims Secured by Real Property Which Debtor(s) Intend(s) to Retain / Arrearage Paid Through the Plan: In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearage on the following mortgage claims:
Creditor/Security    Est. Claim    Estimated Payment
N/A

    (D) Claims to Which §506 Valuation is NOT Applicable: Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value and the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below, or as modified, will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.
Creditor Security Ad.ProtPmt. Value IntRt. Est. Claim
N/A

    (E) Claims to Which §506 Valuation is Applicable:
Creditor                    Security                    Est. Claim
N/A

    (F) Secured Claims on Personal Property - Balance Including any Arrearage Paid in Plan:
    Creditor Security Ad.ProtPmt. Value IntRt. Est. Claim
N/A

    (G) Surrender of Collateral: Debtor(s) will surrender the following collateral effective date of filing of petition, unless specified otherwise in the Plan. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

Name of Creditor            Collateral to be Surrendered
**N/A**

    (H) SECURED - LIENS TO BE AVOIDED:
Name of Creditor/Security    Estimated Amount
N/A

(I) LEASES/EXECUTORY CONTRACTS:
Creditor/Security   Assume/Reject   Estimated Arrears
N/A

(J) OTHER CREDITORS PAID IN FULL IN PLAN:
Name of Creditor/Description   Estimated Amount
N/A

UNSECURED CREDITORS: Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan.

OTHER PROVISIONS:

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims in accordance with this plan. Secured creditors whose claims are paid in full shall release their lien within 30 days of receipt of final payment.

2. Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall vest in Debtor(s) on confirmation of the plan.

4. That in the event the plan is not confirmed, the Trustee shall first disburse from the funds on hand the remaining amount due to counsel for the debtors and the balance be returned to the Debtors.

Dated: 2-22-2010

*[signature]*
David T. Smith

*[signature]*
Beth A Clark-Smith

## PLAN SUMMARY

| | |
|---|---|
| Priority: | $ 8,537.00 |
| Secured Creditors Receiving Adequate Protection Payments: | $ |
| Secured Creditors Curing Arrearage Total: | $ |
| Dividend to Unsecured Creditors: | $   500.00 |
| Attorneys Fees: | $ 1,500.00 |
| Total: | $10,537.00 |
| Trustee's Fee - 10% | $ 1,170.77 |
| Grand Total: | $11,707.77 |

Total Estimated Plan length 60 Months